UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                         :
  LOUIS ESTEVEZ PENA,                                    :
                                                         :
                                      Plaintiff,         :
                                                         :            24-CV-3430 (VSB)
                    -against-                             :
                                                         :            **ORDER**
  ANTHONY AGHEYISI OSAIGBOVO and                         :
  SYSCO LEASING LLC,                                     :
                                                         :
                                   Defendants.           :
-----------------------------------------------------------X

VERNON S. BRODERICK, United States District Judge:

On January 18, 2024, Plaintiff Louis Estevez Pena filed this action against Defendants

Anthony Agheyisi Osaigbovo ("Osaigbovo") and SYSCO Leasing LLC ("Sysco") (collectively,

"Defendants") in New York state court.  (Doc. 1 ("Notice of Removal"), Ex. 1 at 4–12

("Complaint").)  In May 2024, Defendants filed a Notice of Removal, asserting that I have

diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332.  (Notice of Removal ¶ 15.)

Defendants assert that complete diversity exists between all the parties because (1) "[P]laintiff is a

resident of the State of New York"; (2) Defendant Sysco "is incorporated in the State of New

Jersey and has its principal place of business in Jersey City, New Jersey" and is therefore "a

citizen of New Jersey for purposes of diversity" because "[c]orporations are deemed citizens of

every State by which it has been incorporated and of the State where it has its principal place of

business; (3) and Defendant "Anthony Agheyisi Osaigbovo is a resident of the State of New

Jersey."  (*Id.* ¶¶ 11–14.)  Because I find that Defendants' Notice of Removal fails to sufficiently

allege both Plaintiff's and Osaigbovo's domicile as well as the citizenship of SYSCO's members,

Defendants' asserted basis for removal is defective.  However, I grant Defendants leave to amend

their Notice of Removal in order to cure these defects.

A defendant may remove to federal court "any civil action brought in a State court of

which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).

District courts have "original jurisdiction of all civil actions where the matter in controversy

exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of

different States."  28 U.S.C. § 1332(a)(1).  The party seeking removal bears the burden of

establishing the basis for subject-matter jurisdiction.  *See Gilman v. BHC Sec., Inc.*, 104 F.3d

1418, 1421 (2d Cir. 1997).  Although a district court may remand a case to state court "sua sponte

at any time upon finding that it lacks subject matter jurisdiction," *Beal Stream Venture, LLC v.*

*Leading Builders Grp. LLC*, No. 23-CV-5641, 2023 WL 7648723, at \*2 (S.D.N.Y. Nov. 15,

2023), the court may also grant the removing party leave to amend the notice "to set forth more

specifically grounds for removal which were imperfectly stated in the original petition," *CBS Inc.*

*v. Snyder*, 762 F. Supp. 71, 73 (S.D.N.Y. 1991).

Here, Defendants' Notice of Removal asserts that Plaintiff is a resident of New York.  (*See*

Notice of Removal ¶ 11 ("[P]laintiff is a resident of the State of New York.").)  The Complaint

also references Plaintiff's residency.  (*See* Complaint ¶ 1 ("At all times herein mentioned, the

Plaintiff LUIS ESEVEZ PENA, was and is a resident of the COUNTY OF WESTCHESTER,

State of New York.").)  However, these assertions regarding Plaintiff's residency are not relevant,

because an individual's citizenship for purposes of diversity jurisdiction depends not on his

residency, but rather on his domicile.  *See Durant, Nichols, Houston, Hodgson & Cortese-Costa,*

*P.C. v. Dupont*, 371 F. App'x 135, 137 (2d Cir. 2010).  Domicile is the "place where a person has

his true fixed home and principal establishment, and to which, whenever he is absent, he has the

2

intention of returning." *Palazzo v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation

marks omitted). "Domicile is not necessarily synonymous with residence, and one can reside in

one place but be domiciled in another." *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30,

48 (1989) (internal quotation marks and citation omitted). For that reason, "allegations of

residency alone cannot establish citizenship." *Canedy v. Liberty Mut. Ins.*, 126 F.3d 100, 103 (2d

Cir. 1997); *see Jacobs v. Patent Enf't Fund, Inc.*, 230 F.3d 565, 567 (2d Cir. 2000) (holding that

the plaintiffs "failed adequately to allege diversity in their original complaint" because "they had

alleged only the residence, and not the citizenship (or domicile), of the parties"). Therefore,

Defendants assertion concerning Plaintiff's residence fails to establish his citizenship.

Defendants also fail to properly allege the citizenship of SYSCO Leasing LLC. Although

Defendants allege that the LLC is "incorporated in the State of New Jersey and has its principal

place of business in Jersey City, New Jersey," alleging that "Sysco is a citizen of New Jersey for

purposes of diversity," (Notice of Removal ¶ 13), the citizenship of an LLC "is [not] determined

. . . by the LLC's place of incorporation or principal place of business," *Agility Logistics Corp. v.

Elegant USA, LLC*, No. 09-CV-4719, 2009 WL 3094898, at *1 (S.D.N.Y. Sept. 25, 2009)

(internal quotation marks and alterations omitted). For diversity purposes, an LLC is a citizen of

every state of which its members are citizens. *See Handelsman v. Bedford Vill. Assocs. Ltd.

P'ship*, 213 F.3d 48, 51–52 (2d Cir. 2000). To invoke diversity jurisdiction, the removing party

must therefore establish "the citizenship of each member of the limited liability company." *Hai

Yang Liu v. 88 Harborview Realty, LLC*, 5 F. Supp. 3d 443, 447 (S.D.N.Y. 2014). Defendants

failed to allege the citizenship of each member of SYSCO Leasing LLC.[1]

---

[1] As set forth in the parties' joint letter, Defendants appear to allege that Sysco Leasing LLC, i/s/a/ Sysco Metro New York, LLC is a citizen of Texas and Delaware based on the LLC's ownership. (*See* Doc. 7 at 2 ("Sysco Metro New York LLC is a limited liability corporation, incorporated in the state of Delaware, with a principal place of business in New Jersey. Sysco Metro New York, LLC is 100% owned by Sysco USA III, LLC. Sysco USA III,

Although Defendants assert a basis for diversity jurisdiction, the basis asserted is legally insufficient.  Because the defects in Defendants' Notice of Removal are not fundamental, but instead involve only imperfect statements of citizenship, I grant Defendants leave to amend their Notice of Removal.  *See Fulfree v. Manchester*, 182 F.3d 899 (2d Cir. 1999) (affirming district court's ruling granting defendant leave to amend the notice of removal to add specificity as to defendant's citizenship); *see also Linium, LLC v. Bernhoit*, No. 17-CV-200, 2017 WL 2599944, at *3 (N.D.N.Y. June 15, 2017) ("'When diversity is not absent from a notice of removal but is defectively alleged,' courts typically permit the removing party to amend its notice of removal." (quoting *Grow Grp., Inc. v. Jandernoa*, No. 94-CV-5679, 1995 WL 60025, at *2 (S.D.N.Y. Feb. 10, 1995))); *Beter v. Baughman*, No. 24-CV-79, 2024 WL 1333570, at *4 (S.D.N.Y. Mar. 13, 2024) ("[I]ncluding allegations in the petition for removal of the parties' 'residency' as opposed to their 'citizenship' is merely a technical defect that could be cured, even with an untimely amendment.").

Accordingly, Defendants are hereby:

---

LLC is a limited liability company, incorporated in the state of Delaware with a principal place of business in Texas. Sysco USA III, LLC is 99% owned by Sysco Holdings, LLC and 1% owned by FreshPoint, Inc.  Sysco Holdings, LLC is a limited liability company, incorporated in the state of Delaware, with a principal place of business in Texas. FreshPoint, Inc. is a corporation, incorporated in the state of Delaware with a principal place of business in Texas.  Sysco Holdings, LLC and FreshPoint, Inc. are both 100% owned by Sysco Corporation.  Sysco Corporation is incorporated in the state of Delaware and maintains a principal place of business in Texas.").)  These allegations are likewise insufficient to establish its citizenship because "[t]he owner of a subsidiary, even the sole owner, may or may not be a member—or the sole member of its subsidiary." *Viera v. Specialized Loan Servicing, LLC*, No. 20-CV-898, 2022 WL 3716241, at *2 (N.D.N.Y. Aug. 29, 2022) (internal quotation marks omitted); *cf. Gallagher v. Boehringer Ingelheim Pharms., Inc.*, 2023 WL 402191, at *8 (S.D.N.Y. Jan. 25, 2023) (determining that the defendants properly established diversity jurisdiction when they asserted that the defendant "CVS Store #2906 is operated by CVS Albany, LLC, and that the sole member of CVS Albany, LLC is CVS Pharmacy, Inc.").  For LLCs, "[i]t is membership, not ownership, that is critical." *Viera*, 2022 WL 3716241, at *2.  Therefore, in instances where an LLC is owned by another LLC, a removing party must establish the citizenship of each of the owner LLC's members, and may not merely reference ownership alone.  *Patrick Cap. Markets, LLC v. Ascend Real Est. Partners, L.P.,* No. 21-CV-6004, 2022 WL 294638, at *5 (S.D.N.Y. Feb. 1, 2022) ("[I]f any of an LLC's members are themselves non-corporate entities, then a party must allege the identity and citizenship of their members, proceeding up the chain of ownership until the party has alleged the identity and citizenship of every individual and corporation with a direct or indirect interest in the LLC." (alterations omitted) (quoting *Flemming v. Port Auth. of N.Y. & N.J.*, No. 21-CV-1112, 2021 WL 878558, at *1 (E.D.N.Y. Mar. 9, 2021)).

5

ORDERED to file an amended Notice of Removal within fourteen (14) days of the filing

of this Order to amend the defects in its Notice of Removal.  If Defendants do not do so by this

deadline, I will remand this case to the Supreme Court of the State of New York without further

order.

 SO ORDERED.

 Dated:  August 6, 2024
           New York, New York

_____
Vernon S. Broderick
United States District Judge