UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                               :

LOUIS ESTEVEZ PENA,                  :
                                               :

                          Plaintiff,  :
                                               :                      24-CV-3430 (VSB)

              -against-         :
                                              :                      **ORDER**

ANTHONY AGHEYISI OSAIGBOVO and  :
SYSCO LEASING LLC,              :
                                             :

                        Defendants.  :
------------------------------------------------------------X

VERNON S. BRODERICK, United States District Judge:

On January 18, 2024, Plaintiff Louis Estevez Pena filed this action against Defendants

Anthony Agheyisi Osaigbovo ("Osaigbovo") and SYSCO Leasing LLC ("Sysco") (collectively,

"Defendants") in New York state court.  (Doc. 1 ("Notice of Removal"), Ex. 1 at 4–12

("Complaint").)  In May 2024, Defendants filed a Notice of Removal, asserting that I have

diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332.  (Notice of Removal ¶ 15.)  On

August 6, 2023, I issued an Order finding that Defendants' asserted basis for removal defective

due to the Notice of Removal's failure to sufficiently allege both Plaintiff's and Osaigbovo's

domicile as well as the citizenship of SYSCO's members.  (Doc. 10 ("August Order).)  However,

I granted Defendants leave to amend their Notice of Removal to cure the defects within fourteen

days.  (*Id*. at 5.)  I warned that "[i]f Defendants do not do so by this deadline, I will remand this

case to the Supreme Court of the State of New York without further order."  (*Id*.)

On August 20, 2024, Defendants filed an Amended Notice of Removal.  (Doc. 12.)

However, the Amended Notice of Removal failed to cure certain deficiencies identified in my

August Order.[1]  Specifically, despite my guidance and the caselaw I cited in the August Order,

Defendants still failed to properly allege the citizenship of SYSCO Leasing LLC.  Defendants

allege that Sysco Leasing LLC, i/s/a/ Sysco Metro New York, LLC is a citizen of Texas and

Delaware based on the LLC's corporate ownership.  (*See* Doc. 12 at ¶ 15 ("Sysco Metro New

York, LLC is a corporation governed under the laws of the State of Delaware and maintains its

principal place of business in New Jersey.  Sysco Metro New York, LLC is 100% owned by Sysco

USA III, LLC.  Sysco USA III, LLC is a corporation governed under the laws of the State of

Delaware and maintains its principal place of business in Texas.  Sysco USA III, LLC is 99%

owned by Sysco Holdings, LLC and 1% owned by FreshPoint, Inc.  Sysco Holdings, LLC is a

corporation governed under the laws of the State of Delaware and maintains its principal place of

business in Texas.  Sysco USA III, LLC is 1% owned by FreshPoint, Inc.  FreshPoint, Inc. is a

corporation governed under the laws of the State of Delaware and maintains its principal place of

business in Texas.  Sysco Holdings, LLC and FreshPoint, Inc. are both 100% owned by Sysco

Corporation.  Sysco Corporation is a corporation governed under the laws of the State of

Delaware and maintains its principal place of business in Texas.  No publicly held corporation or

individual owns 10% or more of Sysco Corporation's stock.  Accordingly, Sysco Metro New

York, LLC is a citizen of Delaware and Texas for the purposes of diversity.").)  I explained in my

August Order what was necessary under the law to establish my jurisdiction over Plaintiff's case.

The allegations in the Amended Notice of Removal are insufficient to establish the LLC's

citizenship because "[t]he owner of a subsidiary, even the sole owner, may or may not be a

---

[1] In addition, on September 25, 2024, Plaintiff filed a letter stating that this matter "remains ready to proceed to trial."  (Doc. 15.)  However, Plaintiff has not otherwise asserted that I have jurisdiction nor has Plaintiff addressed the deficiencies identified in my August Order.  Absent such jurisdiction, I do not have authority to take any action, including scheduling a trial, and I "must decline removal and remand the case."  *Gross v. TransUnion, LLC*, 607 F. Supp. 3d 269, 272 (E.D.N.Y. 2022) (internal quotation marks and alterations omitted).

member—or the sole member of its subsidiary." (August Order at n.1. (citing *Viera v. Specialized*

*Loan Servicing, LLC*, No. 20-CV-898, 2022 WL 3716241, at *2 (N.D.N.Y. Aug. 29, 2022).) As I

also explained, for LLCs "[i]t is membership, not ownership, that is critical." (*Id*. (citing *Viera*,

2022 WL 3716241, at *2).) Therefore, in instances where an LLC is owned by another LLC, a

removing party must establish the citizenship of each of the owner LLC's members, and may not

merely reference ownership alone. (*Id*. (citing *Patrick Cap. Markets, LLC v. Ascend Real Est.*

*Partners, L.P.,* No. 21-CV-6004, 2022 WL 294638, at *5 (S.D.N.Y. Feb. 1, 2022) ("[I]f any of an

LLC's members are themselves non-corporate entities, then a party must allege the identity and

citizenship of their members, proceeding up the chain of ownership until the party has alleged the

identity and citizenship of every individual and corporation with a direct or indirect interest in the

LLC." (alterations omitted) (quoting *Flemming v. Port Auth. of N.Y. & N.J.*, No. 21-CV-1112,

2021 WL 878558, at *1 (E.D.N.Y. Mar. 9, 2021)))).)

Accordingly, this action is REMANDED to the Supreme Court of the State of New York,

County of New York.

SO ORDERED.

Dated: October 9, 2024
       New York, New York

_Vernon Broderick_
Vernon S. Broderick
United States District Judge